# EXHIBIT A

RECEIVED
MAR 1 5 2011
CORPORATE
SECRETARIAT DEPT.

IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTY-FIFTH
JUDICIAL DISTRICT OF LAUDERDALE COUNTY, AT RIPLEY

FELICIA WHITLEY, JAMES SNIPES,     )
DALE SNIPES, and FRANKIE CONLEY,   )
Individually, and as the beneficiaries and   )
heirs at law of AILENE SNIPES, Deceased,   )
                                   )
        Plaintiffs,                )
                                   )
vs.                                )
                                   )
THE INDEPENDENT ORDER OF           )
FORESTERS, d/b/a/ FORESTERS, and   )
FORESTERS EQUITY SERVICES, INC.,   )
                                   )
        Defendants.                )

FILED
MAR 0 4 2011
RICHARD JENNINGS
CIRCUIT COURT CLERK

Civil Action No. 6465
JURY TRIAL DEMANDED

---

## COMPLAINT

---

COMES now the Plaintiffs, Felicia Whitley, James Snipes, Dale Snipes, and Frankie

Conley, by and through counsel, and would show unto the Court as follows:

### I. PARTIES

1.      The Plaintiff, Felicia Whitley, is a resident of Haywood County, Tennessee, and is

the daughter of Ailene Snipes (hereinafter "Snipes"), deceased.

2.      The Plaintiff, James Snipes, is a resident of Haywood County, Tennessee, and is

the son of Ailene Snipes (hereinafter "Snipes"), deceased.

3.      The Plaintiff, Dale Snipes, is a resident of Lauderdale County, Tennessee, and is

the son of Ailene Snipes (hereinafter "Snipes"), deceased.

4.      The Plaintiff, Frankie Conley, is a resident of Haywood County, Tennessee, and is

the daughter of Ailene Snipes (hereinafter "Snipes"), deceased.

ATTEST A TRUE COPY
BY RICHARD JENNINGS, D.C.
CIRCUIT COURT CLERK

*Page -1-*

5.     Upon information and belief, the Defendant, The Independent Order of Foresters, d/b/a Foresters, (hereinafter "Foresters") is a Canadian fraternal benefit society doing business in the State of Tennessee as an insurance company.  Defendant Foresters may be served with process at P.O. Box 179, Buffalo, New York 14201-0179.

6.     Upon information and belief, the Defendant Foresters Equity Services, Inc., is a California corporation, licensed and doing business in the State of Tennessee and is a wholly owned subsidiary of the Defendant The Independent Order of Foresters, with its principle office located at 6640 Lusk Boulevard, Suite #A202, San Diego, California 92121.  Its listed agent for service of process is Registered Agents Solutions, Inc., 15439 Old Hickory Boulevard, Nashville, Tennessee 37221.

7.     At all times mentioned in this Complaint until the time of her death, the deceased, Ailene Snipes, was a resident of Ripley, Lauderdale County, Tennessee.

## II. FACTUAL ALLEGATIONS

8.     The Plaintiffs will show that on or about August 16, 2007, in consideration of the monies paid by the deceased, Ailene Snipes, (hereinafter "Snipes") to Defendants, the Defendants issued and delivered to Ms. Snipes a policy of life insurance, being Certificate Number 4674088, insuring that upon Ms. Snipes' death the Defendants would pay to Ms. Snipes' beneficiaries certain death proceeds upon receipt of proof of death.  The life insurance policy went into effect on or about September 7, 2007, with an expiration date of September 7, 2037, so long as all premiums were paid by Ms. Snipes as set forth in the terms of the policy.  The named beneficiaries under the terms of the life insurance policy were Plaintiffs, James Snipes, Dale Snipes, Frankie Conley, and Felicia Whitley, (hereinafter "Plaintiffs") the natural children of the deceased.

9.      Ms. Snipes died on or about July 27, 2009, and Plaintiffs promptly notified the Defendants in writing of the Ms. Snipes' death and promptly demanded that the Defendants make payment under the terms of the policy.  The claim for death benefits under the terms of the policy was ultimately denied by the Defendants on or about March 4, 2010.  Upon information and belief, Ms. Snipes made all premium payments from the time that the policy was issued until her death.

10.     Despite the fact that all the of provisions of the policy have been fully complied with by the Ms. Snipes and the Plaintiffs, the Defendants have declined and refused to make full payment to the Plaintiffs for the death benefits owed, as required by the policy.

11.     Defendants' failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon the Plaintiffs as set forth below.  Plaintiffs submit that they are entitled to further damages, in addition to the amount of the insured loss and interest thereon, in an amount equal to twenty-five percent (25%) of the liability for said loss pursuant to T.C.A. § 56-7-105 based upon the Defendants' bad faith refusal to pay the death benefits owed under the life insurance policy at issue.

## III. CAUSES OF ACTION

### COUNT 1

### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

12.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that the Defendants have engaged in fraudulent and/or deceptive business transactions toward the deceased and Plaintiffs and have thereby violated the provisions of the Tennessee Consumer Protection Act, T.C.A. 47-18-101, *et. seq.,* resulting in damages to Plaintiffs.

13.     Defendants were a part of a scheme to fraudulently induce the deceased to purchase the life insurance policy at issue and as a direct result deprive the deceased and Plaintiffs of their property.

## COUNT 2

### FRAUD AND INTENTIONAL MISREPRESENTATION

14.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that the actions of Defendants were a part of a scheme to defraud and were intended to mislead the deceased and Plaintiffs and deprive Plaintiffs of their property.

15.     Defendants made statements which they knew to be false, with intent to mislead and result in an unfair advantage, fraudulent transfer of assets, and to wrongfully and illegally obtain monies owed to the Plaintiffs.

16.     The deceased and Plaintiffs reasonably relied on the Defendants' misrepresentations to their detriment.

## COUNT 3

### NEGLIGENT MISREPRESENTATION

17.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that the Defendants, had a duty of due care to the deceased and Plaintiffs.

18.     Defendants breached such duty by misrepresenting material information to the deceased and Plaintiffs.

19.     The negligent misrepresentations of Defendants were the proximate cause of the damages suffered by Plaintiffs.

## COUNT 4

### BREACH OF CONTRACT

20.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that Defendants had contractual relationships with the deceased and Plaintiffs, either directly or implicitly.

21.     Defendants, either directly or through agents, breached said contracts with the deceased and Plaintiffs.

22.     Defendants' said breach was the proximate cause of damages suffered by Plaintiffs.

## IV. DAMAGES

23.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as fully set forth herein.

24.     As a direct and proximate result of the breaches of contract, and wrongful, fraudulent, deceitful, and illegal activities of the Defendants, as described herein above, the Plaintiffs have suffered monetary damages and injury to their property and rights therein. Plaintiffs have suffered emotional stress, humiliation, embarrassment, and inconvenience as a result of Defendants' actions alleged herein.  Plaintiffs have also had to retain legal counsel to defend and prosecute their rights.

25.     Plaintiffs aver that as a direct and proximate result of the aforesaid breach of contract and negligence by the Defendants' and their employees, they were deprived of the benefit of the bargain as contemplated under the terms of the life insurance policy.

26.     As a basis for punitive damages against the named Defendants, Plaintiffs would show that the injuries sustained by Plaintiffs were the result of the Defendants' intentional, grossly negligent, and/or reckless behavior, and said acts or omissions fell below the standard of care required under the aforementioned circumstances.

## V.  PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request:

a.      That process issue and be served upon the Defendants and that they be required to answer pursuant to the Tennessee Rule of Civil Procedure;

b.      That the Court order Defendants, jointly and severally, to pay to Plaintiffs, compensatory damages in an amount required by justice not to exceed $300,000.00, plus any other damages that Plaintiffs may be entitled to under the policy;

c.      That the Court order Defendants, jointly and severally, to pay to Plaintiffs punitive and exemplary damages in an amount not to exceed $500,000.00;

d.      That Plaintiffs be awarded treble damages pursuant to the Tennessee Consumer Protection Act;

e.      That Plaintiffs be awarded all costs of this action, including, without limitation, reasonable attorney's fees pursuant the Tennessee Consumer Protection Act, TCA § 47-18-101, *et seq.*;

f.      That Plaintiffs be awarded pre-judgment interest on the amount of damages awarded to Plaintiffs due to Defendants' failure and refusal to make payment under the policy;

g.      That Plaintiffs be awarded damages pursuant to T.C.A. § 56-7-105 as penalty for Defendants' bad-faith refusal to pay on the policy;

h.      That the Court order all other relief, both equitable and legal, to which Plaintiffs are entitled and is deemed appropriate by the Court.

Respectfully Submitted,

WEINMAN & ASSOCIATES

Robert L. Thomas (# 026629)
*Attorney for Plaintiffs*
112 South Liberty Street
P.O. Box 266
Jackson, TN 38302-0266
(731) 423-5565

## COST BOND

I stand as surety for costs in this matter.

Robert L. Thomas

Page -7-

IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTY-FIRST
JUDICIAL DISTRICT OF LAUDERDALE COUNTY, AT RIPLEY

**RECEIVED**

MAR 1 5 2011

CORPORATE
SECRETARIAT DEPT.

| | |
|---|---|
| FELICIA WHITLEY, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE INDEPENDENT ORDER OF | ) |
| FORESTERS, d/b/a/ FORESTERS, et. al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 6465
JURY TRIAL DEMANDED

---

## SUMMONS

---

To the above named Defendant(s):        The Independent Order of Foresters
P.O. Box 179
Buffalo, New York 14201-0179

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court

and serving a copy of your answer to the Complaint upon Robert L. Thomas, Plaintiff's attorney, whose address is 112 S.

Liberty Street, P.O. Box 266, Jackson, TN 38302, an answer to the Complaint which is herewith served upon you within thirty

(30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint.

Witness, _Richard Jennings_ , Clerk of said court, at office the 4 day of _Mach_ , 2011.

_Richard Jennings_ , Clerk

By: _____
Deputy Clerk

---

NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a
judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file
a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any
time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will
not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically
exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your
family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books.
Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right
or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

      I hereby certify and return, that on the _____ day of _____, 2011, I served this summons together with a copy of the complaint herein as follows:

_____

Name of Process Server

_____

_____

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure)